IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| DAVID NEWMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LIFELINE SYSTEMS, CO. et al., ) <br> ) <br> Defendants. ) <br> ) | No. CIV 08-583-TUC-CKJ (DTF) <br><br> **ORDER** |

On May 1, 2009, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation [Doc. # 27] in which he recommended that Plaintiff's Motion to Remand [Doc. # 6] be granted.[1] Defendant Lifeline Systems, Co.("Lifeline"), has filed an objection, Plaintiff has filed a response, and Lifeline has filed a Reply.[2]

*Report and Recommendation*

The magistrate judge noted that Plaintiff had not contested that this Court had jurisdiction over this matter and that Plaintiff does not contend that Lifeline had violated any of the removal procedural requirements. However, the magistrate judge concluded that Newman was a third-party beneficiary under the Emergency Alert System and Monitoring

---

[1] Plaintiff David Newman ("Plaintiff") filed the action as the surviving beneficiary of William Newman ("Newman").

[2] Although the Federal Rules of Civil Procedure do not provide for a reply, *see* Fed.R.Civ.P. 72(b)(2), the Court accepts the Reply.

Services Agreement ("Agreement") between Lifeline and Pima County. Lifeline has not objected to this conclusion. The magistrate judge also concluded that the forum selection clause of the Agreement applied to this action because the parties' relationship arises out of the Agreement and the alleged negligence at issue is connected to the contracted services. The magistrate judge, therefore, recommended the Motion to Remand be granted.

*Objections to the Report and Recommendation*

Lifeline objects to the Report and Recommendation as contrary to law. Lifeline asserts that the magistrate judge erred in concluding that the wrongful death action relates to the Agreement, that the scope of Lifeline's duty directly relates to the rights and duties as set forth in the Agreement, and that the forum selection clause of the Agreement encompasses Plaintiff's negligence action. Lifeline asserts that the forum selection clause does not apply to this wrongful death negligence action and that this tort claim exists independently from the Agreement.

*Subject Matter Jurisdiction*

Lifeline asserts that the magistrate judge concluded that diversity did not exist between the parties and, therefore, determined that remand was appropriate. However, the magistrate judge specifically pointed out that Newton was a citizen of Arizona and Lifeline was a citizen of Massachusetts and that Plaintiff had not contested the Court's jurisdiction – the magistrate judge concluded that Lifeline had satisfied its burden to establish federal court jurisdiction. *See* Report and Recommendation, p. 2. The remand was based on the principle that, if a mandatory exclusive forum selection clause applies, remand is appropriate.[3] *See Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762 (9th Cir. 1989).

---

[3]The Agreement provides: "COMPANY shall comply with all federal, state and local laws, rules, regulations, standards and Executive Orders, without limitation to those designated within this Agreement. The laws and regulations of the State of Arizona shall

- 2 -

*Forum Selection Clause*

Lifeline asserts that resolution of the tort claim does not require interpretation of the Agreement. *See Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (1988) ("Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract."). Lifeline asserts that the core question at issue, the wrongful death negligence action, would exist independent of any contract provision between Lifeline and Pima County and whether Lifeline breached its duty does not require interpretation of any contract provision. Lifeline argues that it owed a duty to Newman regardless of the contract. *Diggs v. Arizona Cardiologists, Ltd.*, 198 Ariz. 198, 8 P.2d 386 (App. 2000) (not necessary for court to imply a contractual relationship between physician and patient in order to find a duty of reasonable care); *Ritchie v. Krasner*, — P.3d —, ¶¶ 14-18, No. 1 CA-CV 08-0099 (App. 4/21/09), *citation omitted* (independent medical examination doctor has duty to "conform to the legal standard of reasonable conduct in the light of the apparent risk" even absent a formal relationship); *Barmat v. John and Jane Doe Partners A-D*, 155 Ariz. 519, 523, 747 P.2d 1218, 1222 (1987) ("Where the implied contract does no more than place the parties in a relationship in which the law then imposes certain duties recognized by public policy, the gravamen of the subsequent action for breach is tort, not contract."); *Ramsey Air Meds, L.L.C. v. Cutter Aviation Inc.*, 198 Ariz. 10, 15, 6 P.3d 315, 320 (2000) ("a tort claim will 'arise out of contract' only when the tort could not exist 'but for' the breach or avoidance of contract").

Plaintiff asserts, however, that the Agreement was the source of the duty owed by Lifeline to Newman and was the sole reason Newman had a relationship with Lifeline.

---

govern the rights of the parties, the performance of this Agreement and any disputes hereunder. Any action relating to this Agreement shall be brought in a court of the State of Arizona in Pima County. Any changes in the governing laws, rules and regulations during the terms of this Agreement shall apply but do not require an Amendment." Plaintiff's Opposition to Defendant's Removal and Request for Remand, Exhibit, Art. II.8, p.4.

Plaintiff asserts that, if Newman had independently subscribed to Lifeline's emergency response service rather than being an individual eligible for benefits from Pima County, an independent duty may have existed. However, Plaintiff asserts that Newman's only option was through the Agreement.

Plaintiff distinguishes *Barmat* and *Ramsey Air Meds* as cases in which the sole issue was attorney's fees in tort actions. Nonetheless, those cases did discuss whether an action arose from contract or tort which is instructive in this case. In *Barmat*, the Court stated that fees could be awarded under the statute "even though a single act constitutes both a tort and breach of contract, 'as long as the cause of action in tort could not exist *but for* the breach of contract.'" *Barmat*, 155 Ariz. at 522, 747 P.2d at 1221, *quoting Sparks v. Republic National Life Insurance Co.*, 132 Ariz. 529, 543, 647 P.2d 1127, 1141, *cert. denied*, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982). The Court also stated that "where the cause of action does not depend on the existence of a contract, express or implied in fact, the 'but for' test of *Sparks* is not satisfied." *Id.*, 155 Ariz. at 523, 747 P.2d at 1222. Similarly, in *Ramsey Air Meds*, the Court stated that the "'mere existence of a contract somewhere in the transaction' is not enough to support a fee award . . . *Sparks* requires that the contract have some causal connection with the claim to support an award of fees." 198 Ariz. at 14, 6 P.3d at 319.

In this case, there is no allegation that Newman would have been using Lifeline's emergency response service had it not been for the Agreement between Lifeline and Pima County. In other words, but for the Agreement, the cause of action against Lifeline would not exist. Lifeline cites to *Diggs* for its assertion that Lifeline independently owed a duty to Newman. In *Diggs*, the decedent had sought medical treatment from one doctor, who sought advice from a second doctor. The court determined the second doctor owed a duty to decedent – the second doctor had, in effect, undertaken a duty to render services to decedent. *See Diggs*, 198 Ariz. at 202, 8 P.3d at 390, *quoting* Restatement (Second) of Torts § 324A. In this case, Newman sought services from Pima County, who contracted with Lifeline to provide those services. However, unlike in *Diggs*, the conduct complained of by Plaintiff

did not occur until Newman subsequently contacted Lifeline, because of the Agreement, for emergency services.[4]

Plaintiff asserts that this case is similar to *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 203 (3rd Cir. 1983), *overruled on other grounds by Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989), where the court determined that, because the "basic source" of the duty was a contract, the forum selection clause of the contract was applicable. Lifeline distinguishes *Coastal Steel Corp.* from this case because *Coastal Steel Corp.* did not involve both contract and personal injury claims. Like the cases relied upon by Lifeline, this case is not factually similar to the case at bar. However, the principle that where the basic source of a duty is a contract, the forum selection clause should apply is instructive. As stated by the magistrate judge, "the Agreement defined the duties owed by [Lifeline] to [Newman], i.e., installing the units, developing emergency plans specific to each Member, as well as monitoring, testing, and responding to emergency alerts." Report and Recommendation, p. 9. Plaintiff's claim relates

---

[4]Additionally, Lifeline cites to *Ritchie* for the assertion that "the agreement which did exist between the doctor and the examinee was excluded from the trial as irrelevant to the doctor's duty to do his job in a reasonable manner." Objections, p. 4. However, the court found that the limited liability agreement in *Ritchie* did not eliminate the doctor's duty to do his job in a reasonable manner – the court did not address whether an agreement provided an alternate basis for a duty. Indeed, in *Ritchie*, the court stated that a duty "can arise from a relationship between the parties, a contractual relationship, or any number of other types of contacts." *Ritchie* at ¶ 12. The court did not preclude the possibility of a duty arising from alternate bases. Similarly, although the court in *Diggs* did not address whether a contractual relationship existed, it did not hold that a duty could not arise from multiple bases. For example, Arizona courts have determined that a common law indemnity right may arise from a number of sources. *See Evans Withycombe, Inc. Western Innovations, Inc.*, 215 Ariz. 237, 159 P.3d 547 (App. 2006). Lifeline has not provided this Court with any basis to conclude that a duty might arise from only one source, rather than a number of different sources. *See e.g., Krupnick v. Hartford Accident & Indemnity Co.*, 28 CalApp.4th 185, 34 Cal.Rptr.2d 39 (Cal.App.4 1994) (source of duty was in common law and in statutory provision); *Uehara v. Schlade*, 236 Ill.App.3d 252, 603 N.E.2d 646 (Ill.App. 1 Dist. 1992) (plaintiff alleged source of duty was home association bylaws or, alternatively, statutory).

1 | to the rights and duties set forth in the Agreement.
2 | Accordingly, after an independent review, IT IS ORDERED:
3 | 1. The Report and Recommendation [Doc. # 27] is ADOPTED;
4 | 2. Plaintiff's Motion to Remand [Doc. # 6] is GRANTED;
5 | 3. This matter is REMANDED to the Pima County Superior Court (Cause # C20086931) pursuant to 28 U.S.C. § 1447;
6 | 4. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Pima County Superior Court; and
7 | 5. The Clerk of the Court shall then close its file in this matter.

DATED this 6th day of July, 2009.

_____
Cindy K. Jorgenson
United States District Judge